IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMUNITY SERVICES, INC.,** | : | CIVIL ACTION NO. 1:06-CV-1206 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **HEIDELBERG TOWNSHIP**, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 26th day of July, 2006, upon consideration of the memorandum and order (Doc. 48) entered in the above-captioned case on July 25, 2006, it is hereby ORDERED that the memorandum and order (Doc. 48) is AMENDED as follows:

1. In the case caption on page 1 of the memorandum and on the order, the letter "U" in the name "HEIDELBURG TOWNSHIP" is deleted and replaced with the letter "E" so that the name reads: HEIDELBERG TOWNSHIP.

2. In the third sentence of the first paragraph of page 1, the letter "u" in the name "Heidelburg Township" is deleted and replaced with the letter "e," so that the name reads: Heidelberg Township.

3. In the third sentence of the first paragraph of page 1, the comma immediately after the word "grant" is deleted, so that the sentence reads: CSG contends that defendants . . . intentionally interpreted a zoning ordinance to prevent, and refused to grant a reasonable accommodation to permit, these individuals from moving into a home within the Township, in violation of the FHA.

4. In Finding of Fact No. 15, a comma is inserted immediately after the word "Agricultural" and a hyphen is inserted between the words "single" and "family," so that the sentence reads: The Township Property is Zoned "Agricultural," which permits single-family dwellings as of right and DCUs by special exception."

5.  In Finding of Fact No. 54, a hyphen is added between the words "fifteen" and "minute," and the word "of" is inserted between the words "definition" and "family," so that the sentence reads:  Following a fifteen–minute caucus the Zoning Board determined that CSG's proposed use for the Township Property did not fall within the definition of "family" as that term is used in the Township Zoning Ordinance.

6.  In Finding of Fact No. 74, the word "that" is inserted between the words "concern" and "their" so that the sentence reads:  Township residents expressed concern that their children would not be safe, and could wind up "dead along the side of the road."

7.  In Finding of Fact No. 78, the phrase "disclose of" is deleted and replaced with the phrase "disclosing" so that the sentence reads:  Counsel for four Township residents accused CSG of hiding behind the Health Insurance Portability and Accountability Act (HIPAA) to avoid disclosing the nature of the prospective residents' mental illnesses.

8.  In Finding of Fact No. 79, a line space is inserted between paragraph "b" and paragraph "c."

9.  In paragraph "g" of Finding of Fact No. 79, the letter "F" in the word "CFG" is deleted and replaced with the letter "S" so that the sentence reads: CSG will install an alarm light.

10. In Finding of Fact No. 92, the word "it" is inserted between the words "that" and "has" so that the sentence reads:  The Minutes reflect that CSG informed the Board that the Township Property is a single-family dwelling on over two acres of land, that it consists of six bedrooms and 3,500 square feet of living area, and that it has ample parking and no current sewer problems.

11. In Finding of Fact No. 125, the phrase "state hospital" is inserted between the words "only" and "patients," and the word "a," appearing between the words "in" and "institutional," is deleted and replaced with the word "an" so that the sentence reads:  Weaver testified that the prospective residents are the only state hospital patients from York and Adams Counties who are eligible for community-based placement but remain in an institutional setting, and that they are excited to move into the Township Property; she also testified that the prospective residents have been frustrated to see others leave the state hospital, knowing that they too should be living in and becoming part of a community near their respective families.

12. In Finding of Fact No. 137, the word "the" is inserted between the words "of" and "hospital," and between the words "from" and "hospital," so that the sentence reads: Dr. Condron stated, to a reasonable degree of medical certainty, that it is extremely urgent that the prospective residents of the Township Property be placed outside of the hospital, that every day they are not in a least restrictive environment affects their therapy, and that their mental health would likely progress if the individuals were removed from the hospital and placed at the Township Property.

13. In Finding of Fact No. 139, a forward slash and the word "Mental" are added immediately after the word "Health," so that the sentence reads: Warren, the county administrator for the York/Adams Mental Health/Mental Retardation and Drug and Alcohol Program ("MHMR program"), also testified at the July 20, 2006 hearing.

14. In the first (continued) sentence on page 34, the word "was" is deleted and replaced with the word "were" so that the sentence reads: Accordingly, there is substantial evidence of record that the proposed residents' disabilities were a "motivating factor" in the defendant's decision to deny plaintiff's zoning application.

15. In the first sentence of the first full paragraph of page 34, the singular possessive word "defendant's" is deleted and replaced with the plural possessive word "defendants'" so that the sentence reads: The court also finds that there is a strong likelihood that plaintiff can demonstrate intentional discrimination through defendants' application of facially discriminatory zoning ordinances.

16. In the fourth sentence of the first full paragraph of page 34, the letter "s" is added immediately after the word "ordinance" so that the sentence reads: Neither of these classifications are allowed as of right in any of the Township's zoning areas, and the language of these ordinances specifically targets disabled individuals.

17. In the ninth line of page 35, the semi-colon and the phrase "see also id. at 178 ("[A] regulation or policy cannot use a technically neutral classification as a proxy to evade the prohibition of intentional discrimination.") are deleted.

18. Following the second sentence of the first full paragraph of page 36, the period after the number "78" is deleted and replaced with a semi-colon and the phrase "see also id. at 178 ("[A] regulation or policy cannot use a technically neutral classification as a proxy to evade the prohibition of intentional discrimination.")." so that the citation reads: See id. at 177-78; see also id. at 178 ("[A] regulation or policy cannot use a technically neutral classification as a proxy to evade the prohibition of intentional discrimination.").

19. In the third full sentence of footnote 5 on page 36, the word "together" is deleted and replaced with the word "other" so that the sentence reads:  Since these requirements are not imposed on families and groups of similar size of together unrelated people, these requirements have the effect of discriminating against persons with disabilities. . . .

20. In the third sentence of the first full paragraph of page 41, the word "residents" is deleted and replaced with the word "individuals" so that the sentence reads:  It has shown the presence of irreparable harm to the mental health of the eight individuals currently residing in the closed, state hospital.

21. In the first sentence of footnote 12 on page 41, the phrase "these proceedings," appearing between the words "from" and "or," is deleted, and a comma is inserted after the word "into" so that the sentence reads:  Given the holding of this opinion, the court will not address the Zoning Board's peculiar position to abstain from, or its last-minute entry into, these proceedings.

22. In paragraph No. 2 of the order the letter "u" in the name "Heidelburg Township" is deleted and replaced with the letter "e," and the capital letter "F" in the word "From," appearing between the words "Inc." and "establishing," is deleted and replaced with a lowercase letter "f" so that the sentence reads:  Defendants Heidelberg Township, Heidelberg Township Board of Supervisors, and Heidelberg Township Zoning Hearing Board are PRELIMINARILY ENJOINED from prohibiting plaintiff Community Services, Inc. from establishing and operating a long term structured residence at the property located at 1862 Smith Station Road, Spring Grove, Pennsylvania.

23. In paragraph No. 3 of the order the letter "u" in the name "Heidelburg Township" is deleted and replaced with the letter "e" so that the name reads:  Heidelberg Township.

29. A line space is deleted between paragraphs Nos. 3 and 4 of the order.

    /s/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge