IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMUNITY SERVICES, INC.** t/a COMMUNITY SERVICES GROUP, on its own behalf and on behalf of eight individuals with disabilities currently housed at Harrisburg State Hospital;<br><br>Plaintiff<br><br>v.<br><br>**HEIDELBERG TOWNSHIP, HEIDELBERG TOWNSHIP BOARD OF SUPERVISORS and HEIDELBERG TOWNSHIP ZONING HEARING BOARD**<br><br>Defendants | : Civil Action No.<br>: 1:06-CV-1206<br>:<br>:<br>:<br>:<br>:<br>:<br>: JUDGE CONNER<br>:<br>:<br>:<br>: ELECTRONICALLY<br>: FILED |

FILED
HARRISBURG
AUG 2 9 2006
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

## CONSENT ORDER

AND NOW, this 24th day of August 2006, it hereby is ORDERED as follows:

Invoking the provisions of Rule 65(a)(2), the parties agree and stipulate to the Court to deem the July 25, 2006 Order and Memorandum as a final adjudication on the merits of the case and request that the Court enter an Order ("Final Order") accordingly, which the Court shall do in a separate Order.

Based upon the request of the parties the Court also clarifies its July 25, 2006 Order, as follows:

(1) Defendants are only required by the Memorandum and Order and Final Order to issue a use certificate to Plaintiff. Defendants are not required to issue an occupancy certificate to Plaintiff at this time.

(2) Plaintiff must seek a building permit from the Building Codes Enforcement Official for Heidelberg Township, Commonwealth Code Service, Inc. The Order neither precludes nor limits Plaintiff from requesting, or precludes or limits the proper authorities from considering, a "reasonable accommodation" under the Fair Housing Act Amendments from the applicable building code(s).

Plaintiff agrees that the use certificate will contain the conditions outlined in the Court's July 25, 2006 Opinion, p. 16, ¶ 79 (a) to (f).

The parties agree and the Court so orders that Defendants shall pay Plaintiff thirty-five thousand dollars ($35,000), in this case, as full payment of all damages (including compensatory damages, punitive damages, attorney's fees and costs) within thirty (30) days of this Order.

The parties agree and the Court so orders that the Action is stayed until the Long Term Structured Residence at the property is operational and the residents

have occupied it at which time Plaintiff shall discontinue this action as to all parties.

The Court shall retain jurisdiction over this matter until the action is discontinued.

The parties agree and the Court so orders that during the period that this Court retains jurisdiction over this matter if Plaintiff seeks a subsequent "reasonable accommodation" separate from the relief granted by this Court in the Final Order, Plaintiff must first make its request to the Codes Enforcement Officer for Heidelberg Township (Commonwealth Code Service, Inc.).

Plaintiff agrees that if there is a change in use, a physical alteration to the exterior of the house or the Property, or a proposed subdivision to the Property which triggers applicability of Township ordinances, CSG will seek review by the Township through its normal procedures for compliance with applicable ordinances as long as such ordinances, or the application thereof, do not violate the FHAA. The parties agree that CSG is not waiving, reducing or otherwise altering the rights it has under the FHAA for any subsequent use or changes to the property, including the right to a reasonable accommodation, nor is the Township waiving or otherwise limiting its ability to entertain and approve, deny or condition such a request.

It is so Ordered.

BY THE COURT:

*signature*

Christopher C. Connor
United States District Judge

Community Services, Inc.

*signature*

J. Dwight Yoder, Esquire

Heidelberg Township Zoning
Hearing Board

*signature*

Steven A. Stine, Esquire

*signature*

James D. Young, Esquire

Heidelberg Township and
Heidelberg Township Board of
Supervisors

*signature*

Tiffany M. Cartright, Esquire